[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
CT Page 9143
BEWI Productions, Inc. seeks a prejudgment remedy of attachment to secure its claim against William T. Tustian. BEWI seeks to attach the family residence, which is owned by Fiona P. Tustian, on the ground William fraudulently transferred it to Fiona to avoid paying his obligations. The Tustians contest the attachment on the ground BEWI is precluded from asserting its claim against William by the doctrine of res judicata. They also contest the attachment on the ground BEWI's claim against William was not in existence at the time of the conveyance thereby making inapplicable the Uniform Fraudulent Transfer Act, 1991 Public Act 91-297. For the reasons stated below, the application for a prejudgment remedy is granted.
BEWI asserts a claim against William T. Tustian which is similar to a claim it asserted against him in the United States District Court for the District of Colorado. The procedural history of the Colorado lawsuit is as follows: the Marriott Corporation initiated the lawsuit against Wright B. Lewis; defendant Lewis filed a third-party complaint against BEWI and William T. Tustian seeking contribution toward any award to Marriott Corporation; BEWI filed a cross-claim against Tustian seeking to recover from Tustian any damages the court might order BEWI to pay Lewis; Tustian suffered a default for failure to file an answer or other responsive pleading; BEWI paid Lewis $750.00 and the court dismissed the case with prejudice pursuant to a stipulation of Lewis and BEWI. How Marriott Corporation's claim against Lewis was resolved is not clear from the documents submitted to this court. Based upon the foregoing as well as a thorough review of the documents attached to defendants' memorandum filed in opposition to the application for a prejudgment remedy, this court concludes that there was never an adjudication on the merits of BEWI's claim against William T. Tustian. Since the claim was not adjudicated on the merits, BEWI is not precluded from asserting its claim in this case for the money it paid Lewis and for the legal fees and costs of $40,000.00 it incurred in defending the Colorado lawsuit.
On January 19, 1987, William T. Tustian transferred by quit-claim deed his interest in the family residence to Fiona P. Tustian. No monetary consideration was paid. Four months prior to the transfer, William T. Tustian reserved hotel rooms at a Marriott Hotel in Vail, Colorado, for an organization run by Wright B. Lewis. Tustian made the reservations in the name of CT Page 9144 BEWI. He was not authorized by BEWI to enter into the agreement. In early January of 1987, Tustian and Lewis cancelled the agreement with Marriott Corporation which action was the basis for Marriott Corporation's Colorado lawsuit against Lewis. In January of 1987, William T. Tustian conversed with Lewis' attorney (See Exhibit C). After William T. Tustian was made a party to the Colorado lawsuit, he wrote the court stating that he did not have enough money to hire a lawyer. William T. Tustian still resides in the family residence (See Sheriff's return). Based upon the foregoing facts, the court concludes BEWI's claim against William T. Tustian arose at the time he improperly attempted to obligate BEWI under the reservation agreement. Under the circumstances, the plaintiff has shown probable cause that the transfer was fraudulent. The plaintiff can set aside the transfer under either 1991 Public Act 91-297 or General Statutes 52-552 (repealed as of October 1, 1991, by 1991 Public Act 91-297).
A prejudgment remedy of attachment in the amount of $40,000.00 may issue upon the plaintiff's submitting to the court a proposed order which sets forth within the body of the order a description of the family residence.
THIM, JUDGE